FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2014 DEC 1 PM 1 07

STEPHAN HARRIS, CLERK
CASPER

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> KEVIN ARMSTRONG, GARY BURTON, MIKE BRASIEL, REGGIE COLEMAN, STEVE FISHER, DON LONGTINE, LAUDENTE MONTOYA, MARK MORA, COLBY RAMOS, SHANE RILEY, and EARL SUFFEL, <br><br> Plaintiffs/Intervenors <br><br> v. <br><br> DART ENERGY CORP., BECKMAN PRODUCTION SERVICES, INC., J&R WELL SERVICE, LLC, and KEN NELSON <br><br> Defendants, | Case No.:  13-cv-00198-SWS |

## CONSENT DECREE

## I. RECITALS

1.      This matter was instituted by Plaintiff, Equal Employment Opportunity

Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States

government, alleging that Defendants, Dart Energy Corp., Beckman Production

Services, Inc. ("Beckman"), and J&R Well Service, LLC ("J&R"), violated Title VII of the

Civil Rights Act by creating a hostile work environment based on race and/or national

1

origin. EEOC further alleges that Defendants discharged or constructively discharged various alleged aggrieved individuals because of their race and/or national origin and that Defendants retaliated against those aggrieved individuals who opposed discrimination and/or who participated in EEOC's process for filing and investigating charges of discrimination.

2.      The Plaintiff-Intervenors are the following individuals who  intervened in EEOC's lawsuit, asserting Title VII claims and additional claims under 42 U.S.C. § 1981 found in the Complaint in Intervention: Kevin Armstrong, Gary Burton, Michael Brasiel, Reginald Coleman, Steven Fisher, Don Longtine, Laudente Montoya, Mark Mora, Colby Ramos, Shane Riley and Earl Suffel ("the Plaintiff-Intervenors").

3.      The Defendants to the EEOC's original and amended Complaint are: Dart Energy Corp., Beckman Production Services, Inc. and J&R Well Service, LLC.  The Defendants to the Complaint-In-Intervention are Dart Energy Corp., J&R Well Service and individual Defendant Ken Nelson. For purposes of this Decree, the phrase "Defendants" shall refer to all four named Defendants, and any applicable insurer.  The phrase "Corporate Defendants" shall, unless otherwise noted, include: Dart Energy Corp., Beckman Production Services, Inc. and J&R Well Service.

4.      The Parties to this Decree are the Plaintiff EEOC, Plaintiff-Intervenors, and Defendants Dart Energy Corp., Beckman Production Services, Inc., J&R Well Service, LLC, and individual defendant to the Complaint in Intervention, Ken Nelson ("the Parties").

2

5.      The Parties, desiring to settle this action by an appropriate Consent Decree
("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter
of this action, and agree to the power of this Court to enter a Consent Decree
enforceable against Defendants.

6.      As to the issues resolved, this Decree is final and binding upon the Parties and
their successors and assigns.

7.      For the purpose of amicably resolving disputed claims, the Parties jointly request
this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II. JURISDICTION

8.      The Parties stipulate to the jurisdiction of the Court over the Parties and subject
matter of this action and have waived the entry of findings of fact and conclusions of
law.

## III. TERM AND GEOGRAPHIC SCOPE

9.      **Term:**  The duration of this Decree shall be 3 years from the date of signing by
the Court.

10.     **Scope:**  Except as otherwise indicated, the terms of this Decree shall apply to all
Defendants to the extent that they operate within the state of Wyoming.

## IV. ISSUES RESOLVED

11.     **EEOC Claims Resolved** - This Decree resolves the claims alleged in the above-
captioned lawsuit, resolves all outstanding motions and matters pending before the
Court in this case, and constitutes a complete resolution of all of the Commission's

3

claims of unlawful employment practices under Title VII that arise from Charges of

Discrimination filed against the Defendants by Kevin Armstrong (Charge No. 32K-2009-

00230), Michael Brasiel (Charge Nos. 32K-2009-00234, 32K-2010-00043, 32K-2010-

00187), Gary Burton (Charge Nos. 32K-2010-00005, 32K-2010-00032), Reginald

Coleman (Charge No. 32K-2009-0232), Steven Fisher (Charge No. 32K-2010-00034),

Don Longtine (Charge Nos. 32K-2009-00231, 32K-2010-00066), Laudente Montoya

(Charge No. 32K-2009-00229), Mark Mora (Charge Nos. 32K-2009-00260, 32K-2010-

00044), Joshua Neathery (Charge No. 541-2014-01678), Colby Ramos(Charge Nos.

32K-2009-00257, 32K-2010-00036) , Shane Riley (Charge No. 32K-2009-00235), and

Earl Suffel (Charge Nos. 32K-2009-00253, 32K-2010-00045)(collectively, "Aggrieved

Individuals' Charges"). EEOC agrees that it will not use the Aggrieved Individuals'

Charges, listed above, as a jurisdictional basis for further litigation, except as permitted

herein for violations of this decree.

**12.     Intervenor Claims Resolved** – Intervenors and Defendants agree that this

Decree fairly resolves the issue alleged by Intervenors in their Complaint-in-Intervention

and constitutes a complete resolution of all of Intervenors' claims against Defendants of

unlawful employment practices under Title VII and 42 U.S.C. § 1981 that were made

against Defendants in this action or which could have been made against Defendants in

this action.

**13.     **Nothing in this Decree shall be construed to preclude EEOC from bringing suit to

enforce this Decree. Neither does this Decree preclude EEOC from filing lawsuits based

on charges not resolved in this Decree. Any individual charges of discrimination filed

4

with EEOC after the effective date of this Decree will be processed by EEOC in accordance with its standard procedures.

**14.**     Defendants and their officers, board members, agents, employees, successors, and insurer will not interfere with the relief herein ordered, but shall cooperate in the implementation of this Decree.

**15.**     It is understood that this Decree does not constitute an admission by Defendants of any violation of Title VII and Defendants deny the allegations made by the EEOC and Intervenors and maintain that Defendants did not engage in any unlawful actions based on race, national origin, or any other protected category and deny that Defendants retaliated against any employee of Defendants. This Decree shall not constitute an adjudication and/or finding on the merits of the case. By entering into this Decree, Defendants do not admit that the allegations of the Complaint and Complaint-in-Intervention and/or that the EEOC's findings with respect to any of Aggrieved Individuals' Charges were correct, and Defendants maintain their contention that none of their acts, omissions, programs, or practices has at any time violated Title VII or any other federal, state, or local law.

### V.     MONETARY RELIEF

**16.**     Judgment is hereby entered in favor of the Commission and against Defendants in the amount of $1,200,000.00.

**17.**     Defendants will not condition the receipt of individual relief upon any individual's agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive his or her statutory right to file a charge with any federal or state anti-

discrimination agency; or (c) promise not to reapply for a position at any of Defendants' facilities.

**18.** To resolve these claims, Defendants shall pay a total of $955,000.00, to be apportioned among the alleged aggrieved individuals identified in Exhibit A, in amounts to be determined by the EEOC. An additional $245,000.00 shall be paid to Jeff Gosman and Frank Chapman as attorneys' fees. Where EEOC sought backpay for an aggrieved individual, payment to the aggrieved individual will be divided into "backpay" and "compensatory damages", as specified by the EEOC. Otherwise, payments will be for "compensatory damages" only. Payments designated "backpay" shall be reported on IRS Form W-2. Defendants shall be responsible for paying its share of payroll taxes for "backpay" and, in accordance with a newly submitted W-4, withholding applicable payroll taxes owed by the aggrieved individuals. Payments designated as "compensatory damages" shall be reported on IRS Form 1099, in accordance with a newly submitted W-9, and shall not be subject to withholdings. Aggrieved individuals shall be responsible for any tax liability resulting from "compensatory damages" payments or "back pay" to the extent that such individual tax liability is attributable to the employee.

**19.    Apportionment of Payment** – Within thirty (30) days from the entry of this Decree, EEOC will provide Defendants with a final distribution list, signed releases, and executed tax forms from each of the aggrieved individuals to receive payment. The final distribution list will provide the name, address, and payment amounts of backpay and compensatory damages for each aggrieved individual to receive payment. The signed

6

releases will be in the form attached as Exhibits B, C, and D, as applicable. Within forty-five (45) days after EEOC provides the final distribution list and releases, Defendants will issue payment checks to the aggrieved individuals in the amounts specified in the final distribution list.

**20.     Transmittal of Payment** – Payment checks to the aggrieved individuals will be sent via overnight delivery to the addresses provided by the EEOC in the final distribution list. Within three (3) business days after payments are mailed to payees, Defendants shall submit to EEOC a copy of the checks issued.

**21.     Conditions of Payment** – In order to receive payment under this Decree, an aggrieved individual must sign the applicable release form attached as Exhibits B, C, and D.

## VI.     OTHER INDIVIDUAL RELIEF

**22.     Expungement of Personnel Files** - Defendants shall expunge from the personnel files of the aggrieved individuals (a) any and all references to the charges of discrimination filed against Defendants that formed the basis of this action; and (b) any and all references to the aggrieved individual's participation in this action.

**23.     References** – Defendants Beckman and J&R agree that whenever a prospective employer requests a reference for an aggrieved individual, Defendants Beckman and J&R  shall refer the request to the Human Resources Manager who will provide dates of service and positions held. If asked, the Human Resource Manager will note that the individual is eligible for rehire.

7

**24.**   **Eligible for Rehire** – Defendants will revise their employment records as necessary to denote that each of the Aggrieved Individuals is eligible for rehire.

## VII.  EQUITABLE RELIEF

### A.   *Injunctive Relief*

**25.**   Defendants, their officers, agents, and successors are permanently enjoined from engaging in any employment practice which discriminates on the basis of race and/or national origin.

**26.**   Defendants, their officers, agents, and successors are enjoined from engaging in reprisal or retaliation of any kind against any person because such of such person's opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964, as amended, or because such person has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under Title VII.

### B.   *EEO Policy Review*

**27.**   Within sixty (60) days of the entry of this Decree, Defendants Beckman and J&R shall, in consultation with an outside consultant experienced in the area of employment discrimination law ("Consultant"), review their existing EEO policies to conform with the law and revise, if necessary.

**28.**   The written EEO policies must include at a minimum:

   **28.1.**  A strong and clear commitment to preventing unlawful discrimination based on race and/or national origin;

   **28.2.**  A strong and clear commitment to preventing retaliation;

8

**28.3.**  Clear and complete definitions of disparate treatment based on race/national origin and retaliation;

**28.4.**  A statement that discrimination based on race/national origin or retaliation is prohibited and will not be tolerated;

**28.5.**  A strong and clear encouragement to persons who believe they have been discriminated or retaliated against to report such concerns;

**28.6.**  The identification of specific individuals, with telephone numbers, to whom employees can report their concerns about discrimination, harassment, or retaliation;

**28.7.**  A clear explanation of the steps an employee should take to report discrimination or retaliation, which must include the options of either an oral or written complaint;

**28.8.**  An assurance that Defendants Beckman and J&R will investigate allegations of any activity that might be construed as unlawful discrimination and that such investigation will be prompt, fair, and reasonable, and conducted by a neutral investigator specifically trained in receiving, processing, and investigating allegations of discrimination;

**28.9.**  An assurance that appropriate corrective action will be taken by Defendants Beckman and J&R to eradicate any unlawful discrimination or retaliation within its workforce;

28.10. A description of the consequences, up to and including termination, that
will be imposed upon violators of Defendants Beckman and J&R's anti-
discrimination policies;

28.11. An assurance of non-retaliation for employees who report unlawful
discrimination, harassment, and/or retaliation, and for employees who provide
testimony or assistance in the investigation(s) of such alleged unlawful
discrimination, harassment, and/or retaliation.

29.     Within thirty (30) days after completion of the policy review required under this
Decree, the written EEO policies shall be posted in a prominent location frequented by
employees, at Defendant J&R's facility in Edgerton, Wyoming and distributed to each
current J&R employee in Wyoming. The written EEO policies shall be distributed to all
new J&R Wyoming employees when hired.

**C.     Training**

30.     At least annually, Defendants J&R and Beckman shall provide EEO training for
employees as described more fully below. Under this provision, employees will be
trained at a minimum in the following areas: (a) Defendants' Beckman and J&R policy
and procedures for reporting alleged discrimination; (b) understanding the kind of
conduct which may constitute unlawful discrimination or harassment; (c) the penalties of
engaging in discriminatory behavior; and (d) Defendants' Beckman and J&R non-
retaliation policy.  All training under this Decree shall be at the selection and expense of
Defendants Beckman and J&R.  Training may be by live presentation, online interactive

training, and/or computer training, or any combination of the foregoing.  The training will be conducted as follows:

    **30.1.  Non-managerial Employees:**  Defendants J&R and Beckman will provide non-managerial employees in  J&R's Wyoming locations with at least two (2) hours of EEO training per year. At least half of the training time shall be devoted to race/national origin discrimination and retaliation. Attendance and tracking of attendance shall be mandatory. Additionally, any individual who is charged with conducting training under this Paragraph must first be trained in accordance with the provisions below. The first such training under this paragraph will occur within ninety (90) days of entry of this Decree for those employees at the Edgerton, Wyoming location. Employees at other Wyoming locations will receive their first training within one hundred eighty (180) days after entry of this Decree. Moreover, new J&R employees in Wyoming hired after the first 180 days of this Decree must be provided with at least one (1) hour of EEO training within thirty (30) days of hire.

    **30.2.  Training for Area Managers, Truck Pushers, Tool Pushers, and Managers responsible for J&R Edgerton**:  Defendants J&R and Beckman will require all individuals who work in the above identified positions at the Edgerton, Wyoming location, including all persons with disciplinary or hiring authority, to receive at least four (4)hours of training annually regarding Title VII and other federal anti-discrimination laws.  At least two (2) of the four (4) hours must directly address Title VII discrimination, including harassment, hostile work

environment, and retaliation; and at least one (1)  of the four (4) hours must be
instruction in the proper methods of receiving, communicating, investigating
(where applicable), and ameliorating discrimination. Attendance and tracking of
attendance shall be mandatory. Defendants J&R and Beckman shall emphasize
during training that due to their position of power, such employees (a) must be
particularly vigilant not to discriminate, whether consciously or because they rely
on unconscious stereotypes; (b) must be sensitive of how their actions or words
might be perceived by subordinate employees; and (c) must avoid the temptation
to retaliate against an employee because a complaint is made, or might be
made, against them.  Additionally, Defendants J&R and Beckman will require
employees who are newly hired or recently promoted into the above positions to
complete at least half of the training required under this paragraph within thirty
(30) days of being hired or promoted.

**30.3.  Human Resource Employees:**  Defendants J&R and Beckman will
require those employees who work in a human resource capacity and with
responsibility for Defendant J&R's Wyoming employee matters (with the
exception of the individuals identified in paragraph 30.4 below regarding those
individuals who provide new hire orientation for Defendant J&R's Wyoming
employees) to receive at least eight (8) hours of training annually regarding Title
VII and other federal anti-discrimination laws.  Three (3) of the eight (8) hours
must directly address Title VII discrimination, and at least two (2) hours of the
eight (8) hours must be instruction in the proper methods of receiving,

communicating, investigating (where applicable), and ameliorating discrimination, including the proper procedures for documenting and preserving evidence of discrimination, archiving the corporation's investigation of complaints, as well as detailing the consequences and result of the investigation where discrimination is found.  Attendance and tracking of attendance shall be mandatory. Additionally, Defendants J&R and Beckman will require employees who are newly hired or promoted into a human resource position with responsibility over J&R employees to complete at least four (4) of their eight (8) hours of general EEO training within ninety (90) days of being hired or promoted into a human resource position.  The training under this Paragraph must be provided by outside vendors.

**30.4.  Individuals who provide New-Hire Orientation** - All individuals who provide new hire orientation for Defendant J&R's Wyoming employees must receive four (4) hours of training annually regarding Title VII and other federal anti-discrimination laws.  Two of the four hours must directly address Title VII discrimination and at least one of the four (4) hours must be must be instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination. Attendance and tracking of attendance shall be mandatory.

**30.5.  Train the Trainers:**  To the extent that Defendants will use their own managers or human resource professionals to conduct non-managerial employee trainings, the trainers must be provided with two (2) additional hours of training on the materials to be presented and the proper techniques for teaching

13

the materials.  The training under this Paragraph must be provided by outside vendors.  This training shall occur no later than one-hundred-eighty (180) days after entry of this Decree.

31.     Defendants Beckman and J&R agree that, except as otherwise indicated, the first such training session for each employee group identified above, will take place within ninety (90) days after the Court's entry of this Decree.  Defendants Beckman and J&R agree that all of its personnel subject to training under this Decree shall both register and attend the training sessions.

### D.     Notice Posting

32.     Within ten (10) business days after the Court's entry of this Decree, Defendants J&R and Beckman shall post in its Edgerton, Wyoming facility, in a conspicuous place frequented by employees, the Notice attached as Exhibit E to this Decree.  The Notice shall be the same type, style, and size as set forth in Exhibit E.  The Notice shall remain posted for the duration of this Decree.  If the Notice becomes defaced or illegible, Defendants J&R and Beckman will replace it with a clean copy.  Defendants J&R and Beckman shall certify to the Commission, in writing, within thirty (30) days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provisions of this Consent Decree.

### E.     Establishing a Hotline

33.     Defendants J&R and Beckman agree that, within sixty (60) days of entry of this decree, they shall establish a toll-free, bilingual hotline number for employees of J&R to

call if they wish to anonymously report claims of harassment and/or retaliation. The hotline number shall appear in employee handbooks. In addition, within sixty (60) days of entry of this Decree, Defendants J&R and Beckman will create a notice which conspicuously displays the toll-free number and notifies employees, both in English and Spanish, that they have the right to report discrimination and/or retaliation anonymously via the hotline number. Copies of this notice shall be displayed for the duration of this Decree in locations frequented by employees who work at J&R's Edgerton, Wyoming facility, including the Edgerton office, shop, and in the trailers adjacent to drilling locations. Defendants J&R and Beckman shall provide a copy of the Notice to EEOC within sixty (60) days of entry of this Decree.

### F.    *EEO Compliance as a Component of Management Evaluation*

**34.**    Defendant J&R shall, within sixty (60) days of the entry this Consent Decree, and at least continuously for the duration of this Decree, develop and implement a management evaluation and compensation system which includes EEO compliance, compliance with policies and laws prohibiting retaliation, and compliance with this Decree as factors which shall be used to evaluate all Defendant J&R's managerial employees responsible for Defendant J&R's operations in Wyoming.  Defendant J&R shall also, within sixty (60) days of the Court's entry of this Decree, and at least continuously for the duration of this Decree, advise Defendant J&R's  managerial officials that the amount of monetary bonuses these managers may be eligible for during the duration of this Decree are subject to reductions based on established non-

15

compliance with EEO policies and procedures, policies and laws prohibiting retaliation, and this Decree.

**G.    Annual Survey**

**35.**    Defendants J&R and Beckman shall develop a workplace survey that will include questions about the work environment, including questions about whether the employee has experienced or witnessed race or national origin discrimination, harassment, or retaliation on the job. The survey will be distributed to all employees who work at J&R's Edgerton facility within one-hundred-eighty (180) days after entry of this Decree, and annually thereafter for the duration of this Decree. The survey will be voluntary and anonymous.

## VIII. RECORD KEEPING AND REPORTING PROVISIONS

**36.**    For the duration of this Consent Decree, Defendants  Beckman and J&R shall maintain all records concerning implementation of this Consent Decree, including, but not limited to, all of the following for Defendant J&R Edgerton:

**36.1.**  Personnel files, including records of performance, discipline, and termination;

**36.2.**  Payroll records;

**36.3.**  Responses to the employee survey reference in paragraph 35;

**36.4.**  Records related to promotions and demotions;

**36.5.**  Complaints of race and/or national origin discrimination and/or retaliation, and records documenting investigation of such complaints, including witness statements, documents compiled, conclusions and findings, and any corrective

16

and remedial actions taken. "Complaints" shall include all complaints made, whether orally or in writing, to any individual with supervisory authority.

37.     Defendants Beckman and J&R shall provide semi-annual reports for each six-month period following the entry of this Decree. The reports shall be due thirty (30) days following the respective six-month period, except the final report which shall be submitted to the Commission four weeks prior to the date on which the Consent Decree is to expire.

38.     **Reporting Requirements:** Each report shall provide the following information:

>    **38.1. Complaints of Discrimination**
>
>>       **38.1.1.** For purposes of this Paragraph, the term "complaints of discrimination" will include any written or verbal complaint which alleges discrimination, or the witnessing of discrimination, based on race and/or national origin. To constitute a "complaint," the complainant need not invoke the terms "discrimination," "Title VII," "disparate treatment," "violation," or "rights," etc.
>>
>>       **38.1.2.** The report will include:
>>
>>       a.      The name, address, email address, and telephone number of each person (to the extent that Defendants Beckman and J&R possess such information) making a complaint of race and/or national origin discrimination to Defendants or to any federal, state, or local government agency;
>>
>>       b.      The name, address, email address, and telephone number (to the

17

extent that Defendants Beckman and J&R possess such information) of each person identified as a potential witness to the incident of alleged discrimination;

c.      A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the investigation and response of Defendants Beckman and J&R to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

d.      Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof excluding any documents protected by the attorney-client privilege or work product doctrine.

**38.2.  Complaints of Retaliation**

**38.2.1.**  For purposes of this Paragraph, the term "complaint of retaliation" will include any written or verbal complaint which alleges retaliation for activity that is protected under Title VII, or alleges retaliation for conduct which Defendants Beckman and J&R recognize or should have recognized as protected activity under any of those statutes enforced by EEOC, even if the complainant does not use legal or technical terminology.

**38.2.2.**  The report shall include:

a.      The name, address, email address, and telephone number of each

person (to the extent that Defendants Beckman and J&R possess such information) making a complaint of retaliation to Defendants or to any federal, state, or local government agency;

b.      The name, address, email address, and telephone number of each person (to the extent that Defendants Beckman and J&R possess such information) identified as a potential witness to the incident of retaliation;

c.      A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the retaliatory conduct, the Defendants' investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

d.      Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof excluding any documents protected by the attorney-client privilege or work product doctrine.

**38.3.  Training**

**38.3.1.**      For each training program required under this Decree, and conducted during the reporting period, Defendants Beckman and J&R shall submit a registry of attendance or certificate of completion.

**38.3.2.**      For each training program conducted by the staff of Defendants Beckman and J&R, Defendants Beckman and J&R will identify the trainer and provide copies of all training material provided to or utilized by the trainers. In the event the training is conducted online,

Defendants Beckman and J&R will instead provide complete screen shots
for the online training.

**38.3.3.**    For each training program conducted by an outside
consultant or vendor not affiliated with Defendants Beckman and J&R,
Defendants Beckman and J&R will identify the consultant and/or vendor
and provide a copy of the program agenda.

**38.4.  Posting of Notices**:  Defendants Beckman and J&R shall recertify to the
Commission that the Notices required to be posted under this Consent Decree,
including the toll-free hotline notice, have remained posted during the reporting
period, or, if removed, were promptly replaced.

**38.5.  Policy Review**:  Defendants Beckman and J&R shall report on the status
of the EEO policy review process required by this Decree, and will certify that
policies have been posted and distributed as required under this Decree.

### IX.  RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

**39.**    This Court shall retain jurisdiction of this case for purposes of compliance with
this Decree and entry of such further orders or modifications as may be necessary or
appropriate to effectuate equal employment opportunities for employees.

**40.**    In the event EEOC believes that Defendants have failed to comply with any
provision of this Decree, EEOC shall notify the Defendants in writing of the specific
provision or provisions with which compliance allegedly has not occurred and the facts
forming the basis of the alleged non-compliance. Upon receipt of such notice,
Defendants shall have thirty (30) days to remedy the alleged non-compliance or satisfy

20

EEOC that Defendants have complied. If Defendants have not remedied the alleged non-compliance or satisfied EEOC that it has complied within 30 days, EEOC may submit the matter to the Court.

**41.** The Parties agree that this Decree may be used as evidence in a subsequent proceeding in which EEOC seeks to enforce the Decree.

**42.** There is no private right of action to enforce Defendants' obligations under the Decree and only the Commission, or its successors or assigns, may enforce compliance herewith.

**43.** The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action, subject to the requirements of Paragraph 40, above. Should the Court determine that Defendants have not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

**44.** Absent extension, this Decree shall expire by its own terms three years from the date of entry without further action by the Parties.

## X. EEOC AUTHORITY

**45.** With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## XI.  COSTS AND ATTORNEY'S FEES

**46.**     Other than as provided for and specified in this Decree, each party shall be

responsible for and shall pay its own costs and attorney's fees.

## XII.  NOTICE

**47.**     Unless otherwise indicated, any notice, report, or communication required under

the provisions of this Decree shall be sent by certified mail, postage prepaid, as follows

| | |
|---|---|
| Rita Kittle | Margaret Parnell Hogan |
| Supervisory Trial Attorney | Littler Mendelson, P.C. |
| EEOC Denver Field Office | 1900 Sixteenth Street, Suite 800 |
| 303 E. 17th Avenue, Suite 410 | Denver, CO 80202 |
| Denver, CO  80203 | |

## XIII.  SIGNATURES

**48.**     The parties agree to the entry of this Decree subject to final approval by the

Court.

SO ORDERED this ___1___ day of _____Dec_____, 2014.

BY THE COURT:

United States District Court Judge

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By: _____
Mary Jo O'Neill
Regional Attorney

Date: _____

DART ENERGY CORP

By: _____
Phillip L. Leece
President

Date: _____


BECKMAN PRODUCTION SERVICES,, INC.

By: _____
Mark H. Bishop
VicePresident & CFO

J&R WELL SERVICE, LLC.

By: _____
Mark H. Bishop
Vice President & CFO

Date: _____


Individual Defendant to Complaint-In-
Intervention, Ken Nelson

By: _____
Ken Nelson

Date: _____

23

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By: _____
        Mary Jo O'Neill
        Regional Attorney

Date: _____

DART ENERGY CORP

By: _____ _CEH_
        Phillip L. Leece
        President

Date: _November 24, 2014_

BECKMAN PRODUCTION SERVICES,, INC.

BY: _____
        Mark H. Bishop
        VICE President & CFO

J&R WELL SERVICE, LLC.

By: _____
        Mark H. Bishop
        VICE President & CFO

Date: _____

Individual Defendant to Complaint-In-
Intervention, Ken Nelson

By: _____
        Ken Nelson

Date: _____

23

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY                    DART ENERGY CORP
COMMISSION

By: _____               By: _____
        Mary Jo O'Neill                            Phillip L. Leece
        Regional Attorney                          President

Date: _____              Date: _____


                                          BECKMAN PRODUCTION SERVICES,, INC.

                                          By: _____
                                              Mark A. Bishop
                                              VICE President & CFO

                                          J&R WELL SERVICE, LLC.

                                          By: _____
                                              Mark A. Bishop
                                              VICE President & CFO

                                          Date: __11/25/2014__


                                          Individual Defendant to Complaint-In-
                                          Intervention, Ken Nelson


                                          By: _____
                                              Ken Nelson


                                          Date: _____


23

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY                 DART ENERGY CORP
COMMISSION

By: _____                 By: _____
    Mary Jo O'Neill                              Phillip L. Leece
    Regional Attorney                             President

Date: _____                  Date: _____


                                             BECKMAN PRODUCTION SERVICES,, INC.

                                             By: _____
                                                 Mark H. Bishop
                                                 VICE President & CFO

                                             J&R WELL SERVICE, LLC.

                                             By: _____
                                                 Mark H. Bishop
                                                 VICE President & CFO

                                             Date: _____


                                             Individual Defendant to Complaint-In-
                                             Intervention, Ken Nelson

                                             By: _____
                                                 Ken Nelson

                                             Date: _11-25-14_____

APPROVED AS TO FORM:

/s/ Sean  Ratliff
Sean Ratliff
Trial Attorney
EEOC Denver Field Office
303 E. 17th Avenue, Suite 510
Denver, CO  80203

Attorney for Plaintiff EEOC

/s/ Jeff Gosman
Jeff Gosman
GOSMAN LAW OFFICE
125 W. 2nd Street
Post Office Box 2710
Casper, Wyoming 82602-2710

Attorney for Plaintiff-Intervenors

/s/ Margaret Parnell Hogan
Margaret Parnell Hogan
Littler Mendelson, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202-5835

Attorney for Defendants

**EXHIBIT A**

**List of Aggrieved Individuals**

1. Everett Aguilar

2. Kevin Armstrong

3. Michael Brasiel

4. Gary Burton

5. Willie Chavez

6. Reginald Coleman

7. Steven Fisher

8. Don Longtine

9. Leroy Manzanares

10. Shawn Mapp

11. Laudente Montoya

12. Mark Mora

13. Joshua Neathery

14. Colby Ramos

15. Shane Riley

16. Earl Suffel

17. Clan Triplett

## EXHIBIT B

### Release of Claims For Non-Intervenors

In consideration for the payments to be paid to me by Defendants Dart Energy

Corp., Beckman Production Services, Inc., J&R Well Service, LLC., and Ken Nelson

(collectively, the "Defendants") in connection with the resolution of *EEOC v. Dart Energy*

*Corp. et al.*, No. 2:13-cv-198-SWS (D. Wyo.), I waive my right to recover for any claims

of race and/or national origin discrimination, hostile work environment, or retaliation,

including such claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e

et seq., as amended, that I had against the Defendants prior to the date of this release

and that were included or could have been included in the claims alleged in EEOC's

original and amended complaint in *EEOC v. Dart Energy Corp. et al.*, No. 2:13-cv-198-

SWS (D. Wyo.).


_____          _____
Signature                                Date


_____
Name


_____
Street Address


_____
City, State, ZIP


_____
Phone Number

26

## EXHIBIT C

### Release of Claims For Joshua Neathery

In consideration for the payments to be paid to me by Defendants Dart Energy

Corp., Beckman Production Services, Inc., J&R Well Service, LLC., and Ken Nelson

(collectively, the "Defendants") in connection with the resolution of *EEOC v. Dart Energy*

*Corp. et al.*, No. 2:13-cv-198-SWS (D. Wyo.), I waive my right to recover for any claims

of race and/or national origin discrimination, hostile work environment, or retaliation,

including such claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e

et seq., as amended, that I had against the Defendants prior to the date of this release

and that were included or could have been included in the claims alleged in the Equal

Employment Opportunity Commission's ("EEOC") original and amended complaint in

*EEOC v. Dart Energy Corp. et al.*, No. 2:13-cv-198-SWS (D. Wyo.). I also affirmatively

state that the payment made to me resolves my charge of discrimination, Charge No.

541-2014-01678.


_____          _____
Signature                                        Date

_____
Name

_____
Street Address

_____
City, State, ZIP

_____
Phone Number

27

## EXHIBIT D

### Release of Claims For Intervenors

In consideration for the payments to be paid to me by Defendants Dart Energy Corp., Beckman Production Services, Inc, J&R Well Service, LLC., and Ken Nelson (collectively, the "Defendants") in connection with the resolution of *EEOC v. Dart Energy Corp. et al.*, No. 2:13-cv-198-SWS (D. Wyo.), I waive my right to recover for any claims of race and/or national origin discrimination, hostile work environment, or retaliation, including such claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended, 42 U.S.C § 1981, and the Wyoming Fair Employment Practices Act, that I had against the Defendants prior to the date of this release and that were included or could have been included in the claims alleged in EEOC's original and amended complaint in *EEOC v. Dart Energy Corp. et al.*, No. 2:13-cv-198-SWS (D. Wyo.) as well as my original federal complaint (Case Nos. 1:13-cv-0006, or 1:13-cv-00104, or 1:13-cv-00134) and the Complaint in Intervention found at Doc. 41, filed on January 31, 2014. The payments received by me include any claims for attorneys' fees and costs.

_____        _____
Signature                               Date

_____
Name

_____
Street Address

_____
City, State, ZIP

_____
Phone Number

28

## EXHIBIT E

## <u>NOTICE</u>

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in *EEOC, et al. v. Dart Energy Corp. Beckman Production Services, Inc., J&R Well Service, LLC, et al.*, filed in the United States District Court for the District of Wyoming, Civil Action No. 2:13-cv-198-SWS.

Pursuant to Title VII of the Civil Rights Act, it is unlawful for an employer to discriminate based upon the race and/or national origin of an applicant or employee. Further, it is unlawful for any employer to retaliate against an employee because he or she has complained of disparate treatment because of race and/or national origin, or otherwise opposed discriminatory employment practices. This includes filing a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or participating in an investigation of a charge of discrimination.

Beckman Production, and J&R Well Services respect the right of its employees and applicants for employment to work in an environment free from discrimination. Accordingly, Beckman Production and J&R Well Service reaffirm their commitment to complying with the strictures of Title VII, in that it is our policy to prohibit all discrimination based on race and/or national origin. Furthermore, management of Beckman Production and J&R Well Service wish to emphasize the companies' fundamental policy of providing equal employment opportunity in all of their operations and in all areas of employment practices.  To that end, Beckman Production and J&R Well Service seek to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, age or disability.  This policy extends to all terms, conditions and privileges of employment.

During the term of the Consent Decree in the above captioned case, Beckman Production and J&R Well Service will be conducting various trainings for its employees and management regarding Title VII and its prohibition against race/national origin discrimination and retaliation. These trainings are mandatory. In addition, Beckman Production and J&R Well Service have agreed to provide employees with an anonymous hotline number to report workplace complaints, including race/national origin discrimination and retaliation. Beckman Production and J&R Well will also distribute on an annual basis an anonymous survey to Edgerton employees for the purpose of assessing whether they have workplace complaints, including complaints of race/national origin discrimination or retaliation.

Any employee who believes that he/she has suffered discrimination on the basis of age, race, color, religion, sex, pregnancy, national origin, or disability, has the right to contact the EEOC directly at 1-800-669-4000. An employee may also file a verbal or written complaint with their supervisor, manager, or human resources at (231)518-7950. An employee may also call the toll-free hotline number which will be posted alongside this Notice.  In compliance with federal law, no official at Beckman Production or J&R Wells Service will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the term three (3) years.

29